COHEN MILSTEIN

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005

cohenmilstein.com

Agnieszka M. Fryszman
**O:** 202.408.4600
**D:** 202.408.4611
afryszman@cohenmilstein.com

June 12, 2025

<u>**Via ECF**</u>

Molly C. Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
The James R. Browning Courthouse
95 7th Street,
San Francisco, CA 94103

      Re:    *Ratha v. Rubicon Resources, LLC*, No. 23-55299; Response to Defendant-Appellee Rubicon Resources, LLC's submission of *BLOM Bank SAL v. Honickman*, No. 23-55299 (U.S. June 5, 2025) pursuant to F.R.A.P. 28(j)

            *En banc oral argument scheduled for June 24, 2025*

Dear Ms. Dwyer:

     *BLOM Bank SAL v. Honickman*, No. 23-55299 (U.S. June 5, 2025) is not relevant to this appeal. *BLOM* held that when a party files a Rule 60(b)(6) motion to amend their complaint following final judgment, the courts should apply Rule 60(b) standing alone, rather than balancing Rule 60(b)'s "extraordinary circumstances" standard with Rule 15(a)'s liberal amendment policy. Slip Op. 5, 8. Rule 15(a) only applies if the judgment is first set aside. *Id*.

     Plaintiffs have not argued that Rule 15(a)'s standard applies here. Plaintiffs argue that Rule 60(b) alone justifies relief for the reasons this Court stated in *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), and its progeny. *BLOM* does not call *Phelps* into question.

     Rubicon recites the abuse-of-discretion standard of review stated in *BLOM*. *BLOM* merely states the familiar rule that a district court abuses its discretion when it makes a legal error. *BLOM*, Slip Op. 11. Plaintiffs argue exactly that: the district court erred by failing to apply the ATRA's clarifying amendment and by relying on prior erroneous legal rulings to justify denial of Plaintiffs' Rule 60(b)(6) motion.

Rubicon also directs the Court to its own prior citation of *Browder v. Director*, 434 U.S. 257 (1978), but *BLOM* is not relevant to Rubicon's argument. Regardless, this Court holds that it is an abuse of discretion to rely on a legally erroneous prejudgment decision to deny a Rule 60(b) motion, *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993), and Plaintiffs properly seek review of the district court's incorporation of its prior, legally erroneous rulings.

*BLOM* affirmed the district court's exercise of discretion because the plaintiffs had previously declined to amend their complaint in response to developments in the standard for aiding-and-abetting and amendment was likely to be futile. Slip. Op 11. Here, the district court held that Plaintiffs were diligent, justifying relief, but abused its discretion by relying on its prior erroneous rulings as alternative bases for denial of Plaintiffs' motion.

Sincerely,

Agnieszka M. Fryszman
Counsel for Plaintiffs-Appellants